A.Y. STRAUSS LLC
Eric H. Horn, Esq.
Heike M. Vogel, Esq.
James P. Mansfield, Esq.
101 Eisenhower Parkway, Suite 412
Roseland, New Jersey 07068
Tel. (973) 287-5006
Fax (973) 226-4104

*Proposed Chapter 11 Counsel*
*for Cottonwood Vending LLC*

**UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

ROBERT TAYLOR, individually and derivatively on
behalf of BLUE TREE MANAGEMENT LLC

                              Plaintiff,

                                                                             **NOTICE OF REMOVAL**

- against –

ANIELLO ZAMPELLA,
CHAD RUSSO, PIERRE BASMAJI, and
COTTONWOOD VENDING LLC

                              Defendants,

BLUE TREE MANAGEMENT LLC

                              Nominal Defendant.

-----------------------------------------------------------------X

TO:    THE HONORABLE JUDGES OF THE UNITED STATES
          DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
          NEW YORK

**ON NOTICE TO:**
                                Clerk, United States District Court
                                Southern District of New York
                                500 Pearl Street
                                New York, NY 10007

Clerk, Supreme Court of New York
County of New York
60 Centre Street
New York, NY 10007

Tuttle Yick LLP
Gregory O. Tuttle
David G. Skillman
352 Seventh Avenue, 14th Floor
New York, New York 10001
(646) 833-0300

Defendant Cottonwood Vending, LLC, by and through its proposed chapter 11 counsel, A.Y. Strauss LLC, hereby respectfully removes the above-captioned state court action (*ROBERT TAYLOR, et al. v. ANIELLO ZAMPELLA, et al.*), Index No. 650845/2022 (the "**State Court Action**"), from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C.A. §§ 1334 and 1452, and Fed. R. Bankr. P. Rule 9027.

Defendant Cottonwood Vending LLC ("**Cottonwood**") seeks to remove the State Court Action to join the State Court Action as part of the bankruptcy proceeding in the matter captioned *In re Cottonwood Vending, LLC*, Case No. 23-43027 (the "**Bankruptcy Proceeding**"), currently pending in the United States Bankruptcy Court for the Eastern District of New York in which Cottonwood is the debtor and debtor in possession in the chapter 11 case. Cottonwood respectfully states as follows:

## BACKGROUND

A. <u>The State Court Litigation</u>

1. On February 22, 2022, the above-captioned plaintiff ("**Plaintiff**") filed the State Court Action in the New York State Supreme Court, County of New York (the "**State Court**"), by filing a complaint seeking monetary damages, directly for himself and derivatively on behalf of

2

Blue Tree Management LLC against Cottonwood for breach of contract, unjust enrichment, fraud, and breach of fiduciary duty, and accounting.

2. The following is a summary of the relevant facts and allegations: Plaintiff, together with Aniello Zampella and the above-captioned co-defendants Chad Russo and Pierre Basmaji, formed Blue Tree Management LLC ("**Blue Tree**") to service and maintain Cottonwood's bitcoin ATMs. In early 2016, when the working relationship between Taylor and Russo deteriorated to the point of making it impossible for Blue Tree to continue operating, the majority of Blue Tree shareholders voted to terminate its services agreement with Cottonwood and offered distribution of assets to buy out Russo and Taylor. Taylor never accepted the offer and instead began to operate his own bitcoin ATMs, without license in violation of various money transmitter laws, for which he was arrested and indicted in April 2022, shortly filing after his lawsuit against Cottonwood, Mr. Zampella, and the other above-captioned defendants. Taylor alleges damages from allegedly improper termination of the services agreement between Blue Tree and Cottonwood. Additionally, from plaintiff's papers, plaintiff appears to assert a 1/3 ownership interest in the Debtor.

3. The parties have commenced document discovery, which is still ongoing.

B. <u>The Chapter 11 Case</u>

4. On August 24, 2023 (the "**Petition Date**"), Cottonwood Vending LLC, a debtor and debtor in possession, (the "**Debtor**") commenced its chapter 11 case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of New York.

5. The case number is 23-43027 (NHL) and the judge assigned is the Honorable Nancy H. Lord (the "**Chapter 11 Case**").

6. Also on the Petition Date, the Debtor filed a Declaration of Aniello Zampella which sets forth salient information regarding the Debtor as well as the Debtor's path forward with

respect to the Chapter 11 Case [Chapter 11 Case Docket No. 4] (the "**Debtor Declaration**"). A copy of the Debtor Declaration is annexed hereto as **Exhibit A**.

## BASIS FOR REMOVAL

7. Removal of the State Court Action is proper, and this Court has jurisdiction of the State Court Action under 28 U.S.C.A. § 1334(b) and 1452(a) and Fed. R. Bankr. P. Rule 9027, because the State Court Action is a civil proceeding which concerns estate assets (including but not limited to ownership of the Debtor) and is therefore core under 28 U.S.C § 157(b). To the extent the causes of action asserted are not deemed core, they are within the Court's "related to" jurisdiction under 28 U.S.C. § 1334(b).

8. Under 28 U.S.C. § 1452, "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause or cause of action under section 1334 of this title."

9. 28 U.S.C. § 1334(b) vests district courts with jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."

10. 28 U.S.C. § 157(a) allows a district court to refer to the bankruptcy judges "any or all cases under title 11 or any or all proceedings arising under title 11 or arising in or related to a case under title 11."

11. 28 U.S.C. § 157(b)(1) allows bankruptcy judges to "hear and determine all cases under title 11 and all core proceedings under title 11, or arising in a case under title 11." The term "core proceedings" include "matters concerning the administration of the estate." 28 U.S.C. § 157(b)(2)(A).

12. Therefore, given that many of the causes of action are core within the meaning of 28 U.S.C. § 157(b)(2)(A), and that many of the causes of action asserted are assets of the Debtor's

estate, removal is proper. Additionally, to the extent that causes of action are not core, removal is proper pursuant to "related to" jurisdiction under 28 U.S.C. § 1334. Indeed, it is inconceivable that prosecution of the non-core assets in the State Court will not have an effect upon the outcome of the State Court Action. Accordingly, related to jurisdiction is present as well.

13. Importantly, the Debtor will be filing in short order a separate a motion to transfer or for change of venue from this court to the United States Bankruptcy Court for the Eastern District of New York so that the removed action may be adjudicated with the Chapter 11 Case.

14. Ultimately, pursuant to 28 U.S.C.A. § 1452, the United States Bankruptcy Court for the Eastern District of New York has jurisdiction over claims asserted in the State Court Action.

15. Pursuant to Fed. R. Bankr. P. Rule 9027(a)(1), upon removal, Cottonwood will consent to entry of final orders or judgment by the bankruptcy judge.

16. Additionally, pursuant to Fed. R. Bankr. P. Rule 9027(a)(1), copies of the process and pleadings in the State Court Action are submitted to this court concurrently with this Notice. See, **Exhibits B (pleadings)**.

17. Finally, pursuant to Fed. R. Bankr. P. Rule 9027(b) and (c), respondent is serving simultaneously with this filing a copy of this Notice on the Supreme Court for the State of New York, County of New York, and on all parties.

18. This Notice is timely filed, as it was filed less than 90 days after the filing of the Chapter 11 Case, in accordance with Fed. R. Bankr. P. Rule 9027(a).

Accordingly, the Debtor respectfully submits this Notice of Removal pursuant to 28 U.S.C.A. §§ 1334 and 1452, and Fed. R. Bankr. P. Rule 9027.

Dated: September 22, 2023

          **A.Y. STRAUSS LLC**

          By: */s/ Eric H. Horn*
          Eric H. Horn, Esq.
          Heike M. Vogel, Esq.
          James P. Mansfield, Esq.
          101 Eisenhower Parkway, Suite 412
          Roseland, New Jersey 07068
          Tel. (973) 287-5006
          Fax (973) 226-4104

          *Proposed Chapter 11 Counsel*
          *for Cottonwood Vending LLC*