USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/26/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
ROBERT TAYLOR, individually and derivatively on :
behalf of BLUE TREE MANAGEMENT LLC, :
:
                      Plaintiff, :      23-cv-8409 (LJL)
:
                  -v- :     MEMORANDUM AND
:           ORDER
ANIELLO ZAMPELLA, CHAD RUSSO, PIERRE :
BASMAJI, and COTTONWOOD VENDING LLC, :
:
                      Defendants. :
:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Defendant Aniello Zampella moves, pursuant to Federal Rule of Civil Procedure 60(b)(1), for an order vacating this Court's Memorandum and Order of February 5, 2024 (the "Memorandum and Order"), Dkt. No. 9, remanding this action to New York State Supreme Court, New York County, Dkt. No. 13. For the following reasons, Zampella's motion is denied.

## BACKGROUND

      The Court assumes familiarity with the allegations of the complaint and procedural history recounted in the Court's prior Memorandum and Order.

      Plaintiff is an entrepreneur in the cryptocurrency industry, who alleges that he formed a joint venture with Defendants Zampella and Chad Russo to form a business to operate automated teller machines for Bitcoin, where customers could buy or sell the virtual currency for cash at physical locations in New York City. Dkt. No. 1-2 ¶¶ 31, 38. The joint venture was conducted through a two-tier structure in which Defendant Cottonwood Vending LLC ("Cottonwood"), which had already filed an application for a license to operate the business, would remain wholly owned by Zampella, while Plaintiff and Russo would obtain their profit share in the joint venture

through Cottonwood's management agreement with an entity called Blue Tree Management LLC ("Blue Tree"), in which Plaintiff and Russo would each have 37% interests. *Id.* ¶¶ 39–44. The joint venture collapsed after Cottonwood severed its relationship with Blue Tree. *Id.* ¶ 63.

On February 22, 2022, Plaintiff commenced this action in New York State Supreme Court, New York County, on behalf of himself individually and Blue Tree derivatively, against Zampella, Russo, Pierre Basmaji, and Cottonwood (collectively, "Defendants"). The complaint alleges breach of contract for failure to honor the oral joint venture agreement on behalf of Plaintiff individually and Blue Tree derivatively. *Id.* ¶¶ 72–82. It also asserts claims for unjust enrichment against Zampella, Russo, and Cottonwood, *id.* ¶¶ 83–88; fraud against Zampella, Russo, and Basmaji, *id.* ¶¶ 89–94; breach of fiduciary duty against Zampella and Russo, *id.* ¶¶ 95–98, and an accounting against all Defendants, *id.* ¶¶ 99–101.

On September 22, 2023, Cottonwood removed the case to this Court, alleging that it was related to a bankruptcy case that had been initiated by Cottonwood on August 24, 2023, in the United States Bankruptcy Court for the Eastern District of New York. Dkt. No. 1.

Plaintiff filed a motion to remand the case on equitable grounds to New York State Supreme Court on December 15, 2023, pursuant to 28 U.S.C. § 1452(b). Dkt. No. 8. After no party filed an objection, the Court granted the motion on February 5, 2024. Dkt. No. 9. The Court concluded that remand was appropriate on equitable grounds because prosecution of this case in state court would not undermine the efficient administration of the estate, the complaint turned entirely on questions of New York law and none of Plaintiff's claims implicated any federal or bankruptcy law issues, the claims' relation to the Bankruptcy Court's jurisdiction was remote, the Bankruptcy Court might not be able to honor Plaintiff's demand for a jury trial, and retention of jurisdiction by the federal court would result in prejudice to Plaintiff. *Id.* at 5–8.

2

Zampella filed this motion to vacate pursuant to Federal Rule of Civil Procedure 60(b)(1) on April 2, 2024, supported by a memorandum of law as well as two affidavits and several exhibits. Dkt. Nos. 13–14. Plaintiff filed a memorandum of law in opposition and other supporting papers on April 16, 2024. Dkt. No. 15. Zampella filed a reply memorandum of law in further support of his motion to vacate on April 23, 2024. Dkt. No. 16. The following day, Robert Nosek—Cottonwood's bankruptcy trustee—filed a declaration in response to Plaintiff's opposition to the motion to vacate. Dkt. No. 17.

**DISCUSSION**

Zampella argues that the Court should vacate its Memorandum and Order remanding this case to New York State Supreme Court because neither Zampella nor Basmaji were served with the motion to remand and because, as of the date of the motion, the lawyer for Cottonwood who removed the case no longer represented the entity. Dkt. No. 14. On November 28, 2023, a trustee was appointed for Cottonwood, effectively replacing counsel. *Id.* at 6. Zampella contends that the failure of Plaintiff to serve Zampella and Zampella's consequent failure to timely respond constitute "mistake, inadvertence, surprise, or excusable neglect," permitting the Court to vacate its order to remand. *Id.* at 7. Zampella further argues that the Court should reconsider its decision because—due to "the nature of [Plaintiff's] litigation claims involving Cottonwood, *i.e.* whether Mr. Taylor is part-owner of Cottonwood"—resolving those claims in state court would affect other creditors' rights and impair the efficient and orderly administration of the Cottonwood bankruptcy estate. *Id.* at 8.

Federal Rule of Civil Procedure 60(b)(1) permits a court "[o]n motion and just terms," to relieve a party from a final judgment, order, or proceeding on grounds of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b) motions are "generally not favored and [are] properly granted only upon a showing of exceptional circumstances." *United*

3

*States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). The party seeking relief bears the burden of showing exceptional circumstances. *Id.* Ultimately, "[t]he decision whether to grant [a Rule 60(b)] motion rests within the district court's sound discretion." *Reese v. McGraw-Hill Cos., Inc.*, 293 F.R.D. 617, 621 (S.D.N.Y. 2013), *aff'd sub nom. Reese v. Bahash*, 574 F. App'x 21 (2d Cir. 2014).

**I. Subject Matter Jurisdiction**

As a threshold matter, Plaintiff argues that the Court lacks jurisdiction to reconsider the Memorandum and Order. Dkt. No. 15 at 7; *see also W. Coast Servicing, Inc. v. Rogers*, 2023 WL 7545763, at *3 (S.D.N.Y. Nov. 14, 2023) ("[B]efore deciding any case [the court is] required to assure [itself] that the case is properly within [its] subject matter jurisdiction." (quoting *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001))). On February 7, 2024, well over a month before counsel for Zampella appeared, the case was remanded to New York State Supreme Court and the State Supreme Court was sent a certified copy of docket entries and the remand order. Feb. 7, 2024 Minute Entry. Plaintiff argues that "[t]his case can't be in two places at once," and that because it is now in State Supreme Court, it cannot also be in this Court on a motion to vacate. Dkt. No. 15 at 8. That argument is without merit.

Plaintiff's argument is predicated upon an equation of the language of Section 1452(b) of Title 28, the statutory basis for the Court's remand order here, with the language of Section 1447(d). *Id.* (citing *Pio v. General Nutrition Cos., Inc.*, 488 F. Supp. 2d 714 (N.D. Ill. 2007)). But statutory text, context, and purpose alike belie that conflation. Section 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). "This language has been universally construed to preclude not only appellate review but also reconsideration by the district court." *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 311 (2d Cir. 2005) (quoting *Seedman v. U.S. Dist. Court for*

*Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir.1988) (per curiam)). Accordingly, the Second Circuit has held that Section 1447(d) dictates that once a "remand order has been mailed to the state court . . . , federal jurisdiction is at an end." *Id.* at 312. Yet the Circuit has also explained that Section 1447(d) cannot be divorced from the remainder of Section 1447. Rather than governing *all* remand orders, Section 1447(d) applies to cases remanded pursuant to the grounds described in Section 1447(c). *Id.* ("[I]f the remand is not on section 1447(c) grounds, and therefore section 1447(d) does not apply, then the mailing of the remand order to the state court does not strip the federal court of jurisdiction."). Likewise, the Supreme Court has clarified that "§ 1447(d) must be read *in pari materia* with § 1447(c), so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995).

Here, the Court did not remand the case to the State Supreme Court under Section 1447(c). To the contrary, in his motion to remand, Plaintiff disclaimed the applicability of Section 1447(c). Dkt. No. 8-6 at 7 n.5 (contending "28 U.S.C. § 1447 does not apply"). He did so because Section 1447(c) requires motions to remand "on the basis of any defect other than lack of subject matter jurisdiction [to] be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Because Plaintiff filed his motion to remand almost three months after the filing of the notice of removal, Plaintiff could no longer seek relief under Section 1447(c). He therefore moved to remand pursuant to Section 1452(b), which provides:

> The court to which [a] claim or cause of action [related to a bankruptcy case] is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals . . . or by the Supreme Court of the United States.

28 U.S.C. § 1452(b). The textual differences between Section 1447(d) and Section 1452(b) are telling. *See Bittner v. United States*, 598 U.S. 85, 94 (2023) ("When Congress includes

5

particular language in one section of a statute but omits it from a neighbor, we normally understand that difference in language to convey a difference in meaning."); *Aquarius Marine Co. v. Pena*, 64 F.3d 82, 88 (2d Cir. 1995) ("[W]e cannot conclude that Congress required the two provisions be interpreted synonymously. There are textual differences . . . suggesting that Congress was not seeking absolute congruity."). While the former bars reconsideration "on appeal or otherwise," 28 U.S.C. § 1447(d), the latter prohibits review "by appeal or otherwise *by the court of appeals . . . or by the Supreme Court*," § 1452(b) (emphasis added). Thus, by its plain terms, Section 1452(b) does not deprive a district court of jurisdiction to review or reconsider an order remanding a claim or cause of action related to a bankruptcy case on equitable grounds. *See Cajun Constructors, Inc. v. EcoProduct Sols., LP*, 2013 WL 64757, at *2 (M.D. La. Jan. 4, 2013) ("Section 1452(b) specifically refers only to the court of appeals and the Supreme Court. The plain language of the statute dictates that review is not precluded by district courts.").

The textual differences between Sections 1447(d) and 1452(b) also reflect the distinct purpose of Section 1452(b) in the context of bankruptcy law. Section 1447(c) remand motions are generally addressed to United States District Courts that have the Article III power to dispose of cases invoking federal jurisdiction. Section 1452(b) motions, by contrast, are frequently heard by United States Bankruptcy Judges. *See, e.g.*, *In re Robertson*, 258 B.R. 470, 472 (M.D. Ala. Feb. 5, 2001); Fed. R. Bankr. P. 9027 Advisory Committee Note to 1991 amendment. The language of Section 1452(b)—permitting review by United States District Courts of remand orders under Section 1452(b) but precluding review by the United States Courts of Appeals and the United States Supreme Court—was intended to "remov[e] any constitutional concerns" raised by the vesting of such unreviewable power in an Article I court. *Matter of Axona Inter.*

6

*Credit & Com. Ltd.*, 924 F.2d 31, 35 (2d Cir. 1991); *see In re Borelli*, 132 B.R. 648, 650 (N.D. Cal. 1991) ("District court review satisfies the constitutional standard set forth in [*Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 79 (1982)]."). The United States District Courts have the power to "review" a remand decision of a United States Bankruptcy Court notwithstanding that the record of the case has been sent to the state court. *See In re Barrett*, 2022 WL 1480201, at *2 (S.D. Cal. Oct. 25, 2022). As Congress specifically excluded district courts from Section 1452(b)'s jurisdictional bar, it follows that they also have the power to review their own prior remand orders.

Plaintiff relies on a decision of the United States District Court for the Northern District of Illinois inferring that Congress's *sole* purpose in Section 1452(b) was to remedy the constitutional concerns from bankruptcy courts issuing unreviewable remand orders, so "a bar on appealability include[s] a bar on reconsideration." *Pio*, 488 F. Supp. 2d at 718. But that inference is untenable in light of Section 1452(b)'s text. *See United States v. Otuya*, 720 F.3d 183, 190 (4th Cir. 2013) ("[A]rguments about purpose [and] history . . . cannot contradict a law's plain text."). As the United States District Court for the Middle District of Louisiana aptly explained: "If Congress intended to preclude review by district courts, it could have included language to that effect. . . . Since it did not, this Court must give effect to the plain language of the statute, and concludes that jurisdiction exists to reconsider the remand order." *Cajun Constructors*, 2013 WL 64757, at *2. Thus, the Court concludes that it has jurisdiction to resolve Zampella's motion to vacate the Court's prior Memorandum and Order.

**II. The Merits**

Next, Plaintiff argues that Zampella has not shown "excusable neglect" or any mistake justifying Rule 60(b)(1) relief, nor that any mistake made a difference in the outcome of the Court's judgment. Dkt. No. 15 at 10–15. The Court agrees.

Zampella's motion is premised on the notion that there was "excusable neglect" or judicial error here because neither he nor Basmaji were served with the motion to remand and because by the time the motion was served, the lawyer for Cottonwood who removed the case and made an appearance had been replaced in Bankruptcy Court by a trustee. Dkt. No. 14 at 2. However, under Federal Rule of Civil Procedure Rule 5, service need only be made on the parties who have appeared. "No service is required on a party who is in default for failing to appear." Fed. R. Civ. P. 5(a)(2). Zampella and Basmaji thus need not have been served. *See See 77 Charters, Inc. v. SYC Realty LLC*, 2012 WL 1077706, at *6 (E.D.N.Y. Feb. 27, 2012) ("[T]here is no requirement in the Federal Rules that papers in an action be served upon parties who have not appeared."), *report and recommendation adopted*, 2012 WL 1078466 (E.D.N.Y. Mar. 30, 2012); *see also* 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1144 (4th ed. 2024). ("[A] party who has not appeared is not entitled to service under Rule 5."). And with respect to parties who are represented by an attorney, service is effective if the paper to be served is sent "to a registered user by filing it with the court's electronic-filing system." Fed. R. Civ. P. 5(b)(2)(E). At the time the motion to remand was made, Eric Howard Horn, counsel for Cottonwood, was listed as the attorney to be noticed. Cottonwood, through Mr. Horn, removed the case to this Court by electronic filing. *See* S.D.N.Y. Electronic Case Filing Rules & Instructions § 14.1 (Nov. 1, 2022). And, under the District's rule, "[i]n cases assigned to the ECF system, service is complete provided all parties receive a Notice of Electronic Filing (NEF), which is sent automatically by email from the Court." *Id.* § 9.1. "The NEF constitutes service upon all Filing and Receiving Users." *Id.* § 19.1. Zampella asserts, without citation, that "[i]t was incumbent on Mr. Taylor to serve a notice of his motion on the Trustee as the representative of Cottonwood." Dkt. No. 16 at 1. But,

to the contrary, it is an attorney's responsibility "to provide prompt and appropriate notification" to the Court if he can no longer receive service on behalf of his client, "and, if necessary, to withdraw his representation." *Martin v. Giordano*, 185 F. Supp. 3d 339, 364 (E.D.N.Y. 2016). Furthermore, "clients must be held accountable for the acts and omissions of their attorneys." *William v. City of New York*, 2018 WL 11219952, at *1 (S.D.N.Y. July 23, 2018) (Sullivan, J.), *aff'd*, 771 F. App'x 94 (2d Cir. 2019).  Accordingly, if Cottonwood wished no longer to be represented by Mr. Horn in this case or to receive service through electronic notices sent to him, it was Cottonwood's responsibility to direct a different attorney to file a notice of appearance on its behalf or to have Mr. Horn move to withdraw under Local Rule 1.4.  Absent knowledge that the notice failed to reach the person to be served, Fed. R. Civ. P. 5(b)(2)(e), Plaintiff had no obligation to make paper service upon anyone other than the attorney to be noticed who appeared on Cottonwood's behalf in this case.

      Moreover, even if Plaintiff had made a mistake in failing to serve Zampella or Basmaji, that mistake was not material.  "Rule 60(b)(1) affords a party relief from a material mistake that changed the outcome of the court's judgment." *Williams v. Countrywide Bank, FSB*, 2021 WL 664041, at *3 (D. Conn. Feb. 19, 2021) (quoting *Matura v. United States*, 189 F.R.D. 86, 89 (S.D.N.Y. 1999)).  However, the Court would not have come to a different judgment. *See Matura*, 189 F.R.D. at 89; *see In re Bulk Oil (USA) Ind.*, 2007 WL 1121739, at *10 (S.D.N.Y. Apr. 11, 2007).  The Court based its remand decision on the facts that Plaintiff's state-court complaint raised issues purely of state law that did not implicate the administration of the estate and that removal of the case would unduly prejudice Plaintiff and could put at risk his right to a jury trial.  Although Zampella argues that Plaintiff seeks a declaration that he has an ownership interest in Cottonwood through the state-court action, that contention is plainly contradicted by

the state-court complaint. *See* Dkt. No. 1-2 ¶ 10. Zampella also observes that Plaintiff filed a proof of claim in the Bankruptcy Court, such that his claims fall within that court's core jurisdiction. Dkt. No. 14 at 8 n.3; Dkt. No. 16 at 6. But "where claims are based on state law, both core and non-core matters are subject to an initial remand inquiry." *In re 9281 Shore Rd. Owners Corp.*, 214 B.R. 676, 695 (Bankr. E.D.N.Y. 1997). And the remaining factors set forth in the Court's prior Memorandum and Order still warrant remand to the State Supreme Court. *See In re IO at Tech Ridge LP*, 646 B.R. 884, 892 (Bankr. W.D. Tex. 2018) ("[E]ven though this is a core proceeding, the state court can timely adjudicate the proceeding and decide the validity of the Defendants' claims."); *see also BankPlus v. Garner*, 2012 WL 12884587, at *4 (S.D. Miss. Nov. 19, 2012); *In re Oakwood Acceptance Corp.*, 308 B.R. 81, 88 (Bankr. D.N.M. 2004); *In re Chapman*, 132 B.R. 153, 159 (Bankr. N.D. Ill. 1991). In particular, permitting this lawsuit to remain in State Supreme Court will not impair the efficient administration of the bankruptcy estate, since the automatic stay will shield Cottonwood from Plaintiff's claims against it, *see* 11 U.S.C. § 362(a)(1), while Plaintiff's claims proceed against the individual Defendants, *see Tchrs. Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants.").

## CONCLUSION

For the foregoing reasons, Zampella's motion under Rule 60(b)(1) is DENIED. The Clerk of Court is respectfully directed to close Dkt. No. 13.

SO ORDERED.

Dated: April 26, 2024
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge